UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA NAILS,

      Plaintiff,

v.                                        Case No. 22-mc-51332

KAKARIA DENTISTRY,

      Defendant.

_____/

**OPINION AND ORDER DISMISSING COMPLAINT AND TERMINATING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

Plaintiff Angela Nails has been barred since April 13, 2018 from filing further actions in this district without first obtaining leave from a judge to do so.[1] As such, before filing a new lawsuit, she must formally seek leave to do so. However, rather than filing a motion for leave to file a complaint, Plaintiff has simply filed a *pro se* medical malpractice claim related to allegedly negligent dental treatment she received from Defendant Kakaria Dentistry. (ECF No. 1.) Plaintiff further seeks to proceed without prepaying fees or costs under 28 U.S.C. § 1915(a)(1). (ECF No. 2.) For the reasons explained below, the court will dismiss Plaintiff's complaint and terminate as moot her application to proceed *in forma pauperis*.

**I. BACKGROUND**

Plaintiff brings this lawsuit against Defendant, alleging medical malpractice related to certain dental services Plaintiff received on or about September 24, 2020.

---

[1] *See* 17-cv-12947, ECF No. 9; ECF No. 1, PageID.7–9.

(ECF No. 1, PageID.1.) More specifically, Plaintiff contends that Defendant was negligent in its treatment and care of Plaintiff's "tooth 10," which exhibited signs of dark discoloration at the time of her appointment. (Id.) Though somewhat difficult to parse, Plaintiff asserts that Defendant misdiagnosed the issue with tooth 10 and its need for a corrective root canal. (Id.) Plaintiff further asserts that this misdiagnosis led Defendant to drill into tooth 10, ostensibly to determine the extent of decay, ultimately resulting in a two-third's loss of the tooth. (Id. at PageID.1–2.) Plaintiff contends that tooth 10 had a large cavity, which did not need and has never needed a root canal to repair. [2] (Id.) Plaintiff therefore attributes her tooth loss to Defendant's failure to act as a reasonably prudent dentist. (Id. at PageID.2.) Plaintiff also accuses Defendant of providing improper after-care treatment, indicating that she has been in pain since Defendant filled tooth 10 with a material "not fit for human." [sic] (Id.) Plaintiff further asserts that, cosmetically, basic activities like eating, brushing her teeth, and smiling now reveal a large black circle that was not there before her appointment.[3] (Id. at PageID.2–3.)

Plaintiff contends that the harm she has suffered is related to her professional career as an entertainer. (ECF No. 1, PageID.3.) She asserts that, to secure contracts for photo shoots and stage performances, her "smile must be good" because the public

---

[2] This allegation is seemingly contradicted by Plaintiff's later claim that "[t]he Plaintiff was told a root canal would fix the situation but that failed too because the time it would take for the Dentist to commit to the care it would be several weeks after the original visit." [sic] (ECF No. 1, PageID.2.)

[3] Plaintiff's assertion that a large black circle is now present that was not prior to her appointment is somewhat contradicted by her assertion that at her dental appointment "tooth 10 show signs dark color to the bottom of tooth 10. The filling materials discolor the bottom of tooth 10. The discolor of a black circle at the bottom of tooth 10 after packing of the filling." [sic] (ECF No. 1, PageID.1.) Regardless, Plaintiff's complaint lacks clarity on this point.

"wants the front smile to look perfect." (Id.) Plaintiff then states, rather nonsensically, that "[t]he people in public attending entertainment gigs the Plaintiff may not get paid for gigs and pays out of pocket expense for fans to pull the Plaintiff smile out of the Plaintiff as the Plaintiff intends to be a public figure entrainer to be well known." [sic] (Id.) Plaintiff concludes by referencing Mich. Comp. Laws § 600.5838 and 22 U.S.C. § 2702 and including a handwritten note that notice of her intention to sue Defendant was mailed out in 2021 via certified mail and thereafter received. (Id.) Notably, Plaintiff does not attach any exhibits in support of her complaint, including proof that she mailed notice of her intent to file suit to Defendant, as required by Mich. Comp. Law § 600.2912b, or an affidavit of merit, as required by Mich. Comp. Law § 600.2912d.

## II. STANDARD

Pursuant to Judge Mark A. Goldsmith's April 13, 2018 order, Plaintiff is "barred from filing further actions in this district unless she obtains leave from a judge in this district." (Case No. 17-cv-12947, ECF No. 9.) Thus, Judge Goldsmith specifically required Plaintiff to seek permission to file a new lawsuit before formally filing suit. Further, given Judge Goldsmith's determination to so enjoin Plaintiff due to her history of filing frivolous lawsuits, it is within the sound discretion of the court to conduct a prefiling review of Plaintiff's proposed pleadings for such frivolity. (Id.); see *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269–70 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

Plaintiff also seeks leave to proceed *in forma pauperis*. A court may authorize a party to commence, prosecute, or defend an action or proceeding "without prepayment

3

of fees" where the person submits an affidavit stating that they are unable to pay the fees associated with the case. 28 U.S.C. § 1915(a)(1). Whether to grant or deny an application to proceed *in forma pauperis* is within the discretion of the district court. *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004). Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). In deciding whether a complaint states a claim upon which relief may be granted, the court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted).

Additionally, due to the limited nature of their jurisdiction, federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). "The question of subject matter jurisdiction may be raised at any time, whether at the suggestion of the parties or *sua sponte* by the court." *Lexington-Fayette Urban County Gov't Civil Service Comm'n v.*

*Overstreet,* 115 F. App'x 813, 816 (6th Cir.2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

Here, Plaintiff is in clear violation of Judge Goldsmith's April 13, 2018 order. Given her enjoined filer status, Plaintiff was required to first seek permission to file her complaint. She did not do so. As such, this forms an independent ground for dismissal of her complaint.

However, even if Plaintiff had properly sought leave to file her medical malpractice suit, after conducting a prefiling review of her pleadings, the court would have denied leave in as much as Plaintiff's lawsuit as frivolous due to a jurisdictional defect. Plaintiff pleads diversity jurisdiction under 28 U.S.C. § 1332 as the basis for the court's authority to hear her case. In relevant part, 28 U.S.C. § 1332 affords the district court original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states." Thus, as the party seeking to invoke the court's jurisdiction, Plaintiff bears the burden of demonstrating that (1) complete diversity exists between the parties and (2) her damages exceed $75,000.00. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, on the face of Plaintiff's pleadings, diversity of citizenship appears complete. (ECF No. 1, PageID.1.) Plaintiff is a citizen of Georgia while Defendant is a citizen of Michigan. (Id.) However, as to the amount in controversy, Plaintiff merely asserts that, "[t]he jurisdiction of the court for damages must be $75,000.00 damages to

5

have a Medical Malpractice case the Plaintiff damages are over $75,000.00." [sic] (Id.) Plaintiff goes on to claim that, "[t]he Plaintiff pleads medical Malpractice, and the General Dentist harms the Plaintiff because the Plaintiff is an entertainer who entertains the public." [sic] (Id. at PageID.3.) Yet, despite the passage of nearly two years since the appointment at which she experienced the alleged malpractice, Plaintiff fails to elaborate as to any work she has lost since. Rather, Plaintiff merely speculates that, because of her purportedly flawed smile, "the Plaintiff may not get paid for gigs and pays out of pocket expense for fans to pull the Plaintiff smile out of the Plaintiff as the Plaintiff intends to be a public figure entrainer to be well known." [sic] (Id.)

Under Michigan law, "[a] plaintiff asserting a cause of action has the burden of proving damages with reasonable certainty, and damages predicated on speculation and conjecture are not recoverable." *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 268 Mich. App. 83, 96, 706 N.W.2d 843 (2005) (citations omitted). Furthermore, while approximations are acceptable under certain circumstances and the certainty requirement is relaxed where damages have been established but the amount remains an open question, a reasonable basis for the computation must still exist. (Id.) Here, Plaintiff provides no such computation, nor does she reference any professional engagements that she has lost due to her allegedly imperfect smile. Rather, even reading the complaint liberally in her favor, the court views Plaintiff's entertainment career as one to which she aspires and not one concretely in place, especially given that two years have passed since the alleged malpractice. As such, the court does not have jurisdiction to hear Plaintiff's case on diversity grounds.

6

Beyond this jurisdictional defect, the court will briefly note some substantive concerns that Plaintiff would be hard-pressed to cure, even if she could somehow show professional losses of more than $75,000.00 for a career that has yet to begin. First and foremost, it is unclear from the face of her complaint what the professional standard of care was for Plaintiff's particular dental malady and whether it was breached. Plaintiff asserts that part of the medical malpractice committed by Defendant was its search for tooth decay that did not ultimately exist. (ECF No. 1, PageID.1–2.) However, Plaintiff also admits that she had a large cavity, a condition synonymous with tooth decay. (Id.) This problematic contradiction is accentuated by the fact that Plaintiff did not provide an affidavit of merit as required in medical malpractice cases under Mich. Comp. Law § 600.2912d. Such affidavits certify:

> that the health professional has reviewed the notice and all medical records supplied to him or her by the plaintiff's attorney concerning the allegations contained in the notice and shall contain a statement of each of the following:
>
> (a) The applicable standard of practice or care.
>
> (b) The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice.
>
> (c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care.
>
> (d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice.

Mich. Comp. Law § 600.2912d(1)(a)–(d). Essentially, the evidentiary support for Plaintiff's case is entirely lacking with the omission of her affidavit of merit. While plaintiffs proceeding in *pro se* get some leniency, an omission of an affidavit of merit is not merely a matter of form over substance. Second, Plaintiff also failed to provide proof

7

that she sent Defendant notice of her intent to file suit at least 182 days prior to filing, as required by Mich. Comp. Law § 600.2912b. Such notice triggers a slew of responsive actions at the health professional or health facility's disposal that could jeopardize Plaintiff's case if the proper procedures were not followed. *Id.*

### IV. CONCLUSION

For the reasons stated above, Plaintiff's medical malpractice complaint (ECF No. 1) is dismissed. Plaintiff failed to comply with Judge Goldsmith's April 13, 2018 order, which required her to seek leave before filing suit. Moreover, even if she had properly sought permission to file, the court would have denied leave on jurisdictional grounds. As such, her application to proceed without prepaying fees or costs is moot. (ECF No. 2). Accordingly,

IT IS ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2) is TERMINATED AS MOOT.

s/Robert H. Cleland           /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 10, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 10, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\22-51332. NAILS.EnjoinedFilerDismissComplaint.EKL.docx